THE LAW OFFICE OF

# LENNY RAPADAS

Leonardo M. Rapadas
lrapadas@tttguamlawyers.com

Suite 2A, 130 Aspinall Avenue
Hagåtña, Guam 96910

Telephone: (671) 477-9893/4
Facsimile: (671) 472-2601

To: The Honorable Judge Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Via: Facsimile (718) 613--2516

Re: Richard K. Lai – 17-CR-224

Dear Judge Chen:

I am making two requests of the Court. First, the more important one: my client is currently in Seattle, WA. He has been there since 5/10/17. I have engaged a local lawyer there to assist in the drafting of the Confession of Judgment ("COJ") which is a requirement of his continued release. My request is to be able file the COJ in the State of Washington by close of business, 5/26/17. For the Court's information, he did report to the Guam Pretrial Office on the appointed day, pay the $200,000.00 and had his wife co-sign his bond as ordered by the Court. I have attached the bond.

Unfortunately, the delay in getting the COJ filed was in the difficulty of coordinating my client's schedule and the Seattle lawyers. With my client being in Seattle over the next couple weeks, the COJ should be filed by the 26th.

My second request is that I be able to file my pro hac vice application by 6/2/17. The Court may recall I was having issues with the delivery of my original Certificate of Good Standing to New York on time to file my application. The original was to be delivered via DHL to my hotel while I was there, but it was not.

I made arrangements with the hotel to FedEx it back to me as soon as they received it so that I may file it online. I recently communicated with the hotel on 5/15/17 and they informed me it was delivered to them soon after I had checked out, but it sat. They had not followed my instructions. They informed me they would FedEx it back per my original instructions.

As of today, I have not received it back from the hotel. On 5/18/17, I requested a new Certificate of Good Standing. It should take another two weeks to complete the whole pro hac vice application process.

I represent to the Court that I have the U.S. Government's consent to the request regarding the Consent of Judgment. I represent to the Court I had consent from the U.S. Government to filing my pro hac vice application on the same date as the COJ. I am requesting, however, time till 6/2/17 for the second request. I will inform the government of the different date because of the

new request for a new certificate and have no reason to believe it will not consent to same.

I am begging the Court's indulgence on these two requests. Delays in both of these issues have been exacerbated by the time and distance between our two jurisdictions. I apologize to the Court and await its decision.

Respectfully submitted,

LEONARDO M. RAPADAS
Counsel for Richard K. Lai

United States District Court Eastern District of New York

UNITED STATES OF AMERICA

v.

[illegible], Defendant

ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

Case Number: [illegible]

RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:

[ ] Upon Personal Recognizance Bond on his/her promise to appear at all scheduled proceedings as required, or

[X] Upon Bond executed by the defendant in the amount of $[illegible], and secured by [X] financially responsible sureties listed below and/or [ ] collateral set forth below.

Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[illegible]

[ ] 6. Other Conditions: [illegible]

APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and severally, are bound to pay the United States of America the sum of $[illegible] and that this obligation is secured with the following interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court in the sum of $[illegible];

[ ] premises located at: [illegible] owned by [illegible]

[ ] I/We also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before [illegible].

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to reduce its value while this Appearance Bond is in effect.

*Forfeiture of the Bond.* This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including any interest and costs.

[illegible handwritten signatures], Surety

[illegible], Surety

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set forth on the front and reverse of this form.

[illegible], Signature of Defendant

Release of the Defendant is hereby ordered on [illegible], 20[illegible]

[illegible signature], USMJ

Distribution: White-Original Canary-Courtroom Deputy Pink-Pretrial Services Goldenrod-Defendant

## STANDARD CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the Court, the Pretrial Services office, defense Counsel and the U.S. Attorney in writing before making any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender for service of any sentence imposed as directed.

(5) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(6) If the defendant fails to report as required to the Pretrial Services Agency, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.

(7) The defendant must not possess a firearm, destructive device, or other weapon.

## SPECIAL CONDITIONS OF RELEASE FOR TESTING, TREATMENT OR EVALUATION AND FOR LOCATION MONITORING

1. If the defendant fails to appear for any specified treatment or evaluation, defendant may be subject to such random visits at his/her residence or work by a Pretrial Services Officer as may be necessary to verify his/her residence or place of employment in order to secure compliance with the order of release.
2. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing, as determined by Pretrial Services.
3. If defendant is subject to a location restriction program or location monitoring, defendant must:
   (a) stay at his/her residence at all times except for approved activities and may not leave for approved activities without providing prior notice to Pretrial Services, except in cases of medical emergencies.
   (b) abide by all program requirements and instructions provided by Pretrial Services relating to the operation of monitoring technology. Unless specifically ordered by the court, Pretrial Services may require use of one of the following or comparable monitoring technology: Radio Frequency (RF) monitoring; Passive Global Positioning Satellite (GPS) monitoring; Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS); Voice Recognition monitoring.

## FORFEITURE OF THE BOND

This appearance bond may be forfeited if the defendant does not comply with the conditions of release set forth in this Order Setting Conditions of Release and Bond. The court may immediately order the amount of the bond and any collateral surrendered to the United States if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## ADVICE OF PENALTIES AND SANCTIONS TO THE DEFENDANT

Defendant is advised that violating any of the foregoing conditions of release may result in the immediate issuance of a warrant of arrest, a revocation of the order of release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if defendant commits a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence defendant may receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, defendant knowingly fails to appear as the conditions of release require, or to surrender to serve a sentence, defendant may be prosecuted for failing to appear or surrender and additional punishment may be imposed, whether or not the defendant is convicted of the pending charges. If defendant is convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – defendant will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – defendant will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – defendant will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – defendant will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence imposed. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

Distribution: Canary - Court, Pink - Pretrial Services, Goldenrod - Defendant