**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER<br>CR-17-224 |
|---|---|
| DEFENDANT<br>Richard Lai | TYPE OF PROCESS<br>Order of Forfeiture |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
United States Marshals Service
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
225 Cadman Plaza East, NY 11201

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

BRIDGET M. ROHDE, Acting United States Attorney
Eastern District of New York
271 Cadman Plaza East, Seventh Floor
Brooklyn, New York 11201
Attn: AUSA, Brian D. Morris

Number of process to be served with this Form 285
Number of parties to be served in this case
Check for service on U.S.A.

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service)*:

Please execute as directed by the Order of Forfeiture. Please deposit First Hawaiian Bank check # 20904273 in the amount of $200,000 into the seized asset ~~forfeiture~~ fund.

17-FBI-002855      deposit (MJ)

Signature of Attorney other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT
TELEPHONE NUMBER: 718 254-7000
DATE: 6/12/17

---

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted)
Total Process:
District of Origin No.: 53
District to Serve No.: 53
Signature of Authorized USMS Deputy or Clerk: [signed] Carella
Date: 6/13/17

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only different than shown above)*

Date: JUN 1 4 2017   Time: ☐ am ☐ pm
Signature of U.S. Marshal or Deputy: [signed] Carella

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| 65.00 | | | 65.00 | — | $0.00 |

REMARKS: $200,000.00 deposited into SADF on JUN 1 4 2017

---

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

17-224 1

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/80

PT:NS/SK/BDM
F.#2017R00745

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 27 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

RICHARD LAI,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ORDER OF FORFEITURE

17 CR 224 (PKC)

WHEREAS, on or about April 27, 2017, RICHARD LAI (the "defendant") entered a plea of guilty to Counts One and Two of the above-captioned Information, charging violations of 18 U.S.C. § 1349;

WHEREAS, the defendant acknowledges that money and property is subject to forfeiture as a result of his violations of 18 U.S.C. § 1349, as alleged in the Information; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of $870,000 plus the amount of criminal proceeds deposited into the Hang Seng Bank Limited account referenced in his agreement with the government, to the extent that such amount can be determined (the "Forfeiture Money Judgment"), which represents the amount of bribes the defendant received in connection with the 2011 vote for FIFA president, together with the total amount of payments the defendant received from individuals affiliated with the Olympic Council of Asia in connection with the payment of bribes and/or kickbacks to soccer officials of the AFC and its constituent national soccer federations, as property, real or personal, which constitutes or is derived from proceeds traceable to the

Case 1:17-cr-00224-PKC   Document 19   Filed 10/30/17   Page 3 of 7 PageID #: 126
Case 1:17-cr-00224-PKC   Document 9   Filed 04/27/17   Page 2 of 6 PageID #: 44

2

defendant's violations of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2. The defendant shall pay the sum of two hundred thousand dollars and zero cents ($200,000.00) towards the Forfeiture Money Judgment within fourteen (14) days of the date of his agreement with the government (the "Initial Due Date"), and shall pay the remainder of the Forfeiture Money Judgment in full within twelve (12) months of the date of his agreement with the government (the "Second Due Date" and, together with the Initial Due Date, the "Applicable Due Date"). All payments towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to the United States Marshals Service, and delivered by hand or overnight courier on or before the Applicable Due Date to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the face of the checks.

3. If any payments towards the Forfeiture Money Judgment are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof from that date at the judgment rate of interest set forth in 18 U.S.C. § 3612(f)(2). If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Applicable Due Date, the

3

defendant consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law.

4. The defendant acknowledges that all funds paid by the defendant towards the Forfeiture Money Judgment shall be subject to a restitution hold to ensure their availability to satisfy any order of restitution entered at sentencing for the benefit of any individuals or entities that qualify as victims under the provisions set forth in 18 U.S.C. §§ 3663 and 3663A. In the event that the Court enters an order of restitution for the benefit of any such victim or victims at the time of sentencing, the Office may request remission or restoration by the Attorney General or his or her designee of all funds paid by the defendant towards the Forfeiture Money Judgment, up to the total amount of the restitution ordered, in accordance with the provisions of 21 U.S.C. § 853(i) and 28 C.F.R. Part 9. The defendant acknowledges that the decision to grant remission or restoration of such funds lies within the sole and exclusive discretion of the Attorney General or his or her designee and that, only if granted, will such funds be transferred to the Clerk of Court in full or partial satisfaction of the order of restitution.

5. The defendant acknowledges that the United States Attorney's Office, at its sole discretion, may seek to forfeit any funds paid towards the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding. The defendant consents to the entry of an administrative declaration of forfeiture as to any payments made towards the Forfeiture Money Judgment and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The defendant further waives the filing of a civil forfeiture complaint as to any payments made towards the Forfeiture Money

4

Judgment in accordance with the procedures set forth in 18 U.S.C. § 983. The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of any payments made towards the Forfeiture Money Judgment.

6. Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his or her designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

7. The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment by, among other things, executing any documents necessary to effectuate the transfer of title of any substitute assets to the United States. The defendant agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

8. The failure of the defendant to forfeit any monies and/or properties as required hereunder, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of his agreement with the government. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

9. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his

5

right, if any, to a jury trial on the forfeiture of said monies, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines.

        10.     The defendant agrees that the entry or payment of the Forfeiture Money Judgment is not to be considered a fine or a payment on any income taxes or civil penalties that may be due.

        11.     Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order is hereby made final as to the defendant. This Order shall become the final order of forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2), and shall be made part of the sentence and included in the judgment.

        12.     This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

        13.     This Order shall be final and binding only upon the Court's "so ordering" of the Order.

        14.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

        15.     The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order to FSA Paralegal Nicole Brown, United States Attorney's

6

Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       April 26, 2017

                                                s/PKC
                                HONORABLE PAMELA K. CHEN
                                UNITED STATES DISTRICT JUDGE
                                EASTERN DISTRICT OF NEW YORK